# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| Willie Joe Sturkey, | ) | Civil Action No. 7:18-1558-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Alan Wilson, et al., | ) | |
| Defendants. | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 23) recommending that Plaintiff's "motion for preliminary injunction" (Dkt. No. 11) be denied. For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Plaintiff's "motion for preliminary injunction."

## I. Background

Plaintiff Willie Joe Sturkey is a pro se litigant detained at the Union County Jail in South Carolina. In June 2018, Plaintiff brought a civil action pursuant to 42 U.S.C. § 1983 claiming that jail officials and prosecutors in his pending state prosecution violated his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. (Dkt. No. 1.) In July 2018, Plaintiff filed an "Order Injunctive Relief" requesting "an Order of Relief prohibiting the defendant to discontinue obstructing my due process and equal protection rights." (Dkt. No. 11 at 2.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Preliminary Injunction**

A party seeking a preliminary injunction must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). This is because interim relief is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted). Because there is a "fundamental policy against federal interference with state criminal prosecutions," *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Court will grant a preliminary injunction that may interfere with state criminal proceedings only where "extraordinary circumstances" present the possibility of irreparable harm. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The "cost, anxiety and inconvenience" of defending a state prosecution do not alone constitute irreparable injury. *Id*.

**III.     Discussion**

The Court finds that the Magistrate Judge ably addressed the issues raised by Plaintiff and correctly concluded that the motion for preliminary injunction should be denied. First, the Magistrate Judge was correct to identify Plaintiff's filing as a motion for a preliminary injunction. The Magistrate Judge also accurately determined that, liberally construing this pro se litigant's motion, Plaintiff does not demonstrate that a preliminary injunction is warranted. Plaintiff's ten complaints concerning the state court proceeding and detention center do not make a "clear showing" of his likelihood of success on the merits or imminent and irreparable harm, nor that the equities balance in his favor or that an injunction is in the public's interest. Likewise, Plaintiff's motion does not suggest extraordinary circumstances of possible harm that would warrant this Court's issuance of an injunction that may affect Plaintiff's pending state court prosecution.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court (Dkt. No. 23) and **DENIES** Plaintiff's "motion for preliminary injunction" (Dkt. No. 11).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

August 2, 2018
Charleston, South Carolina